UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE B. DA SILVA,<br><br>    Plaintiff,<br><br>v.<br><br>KIRSTJEN NIELSEN, *Secretary of United States Department of Homeland Security*, et al.,<br><br>    Defendants. | Civil Action No. 17-cv-12122 |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

    Plaintiff is scheduled to be removed from the United States on November 2, 2017. He filed a complaint for injunctive and mandamus relief (ECF No. 1), an emergency motion for a stay of removal (ECF No. 6), and an emergency motion for a temporary restraining order (ECF No. 7), seeking to halt his removal on the grounds that he has a pending U Visa application and a Motion to Reopen with the Board of Immigration Appeals that have not been decided. Plaintiff states that the order of his removal was issued on March 14, 2001 and he has been under an order of supervision with Immigration and Customs Enforcement since December 2012. On November 1, 2017, the Court held an emergency hearing on the pending motions.

    Under the REAL ID Act of 2005, this Court is without jurisdiction to entertain a challenge to a removal order or to the execution of a removal order. See De Gonzalez v. Holder, No. 12−11539, 2012 WL 3610958 at *1 (D. Mass. Aug. 20, 2012) (quoting 8 U.S.C. § 1252(a)(5)) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ."); id. (quoting 8 U.S.C. § 1252(g)) (except as provided in the statute, "no court shall have

jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders . . . ."). "Judicial review of an order of removal is only available before the appropriate court of appeals." Id. See Alves Da Cruz v. Riordan, No. 11−10818, 2011 WL 1793381 at *2 (D. Mass. May 11, 2011); Aziz v. Chadbourne, No. 07−11806, 2007 WL 3024010 at *1 (D. Mass. Oct. 15, 2007).

Because this Court lacks jurisdiction, the Court dismisses the complaint. Given the immediacy of the scheduled removal, however, the Court will, in the interests of justice, transfer the emergency motion for a stay of removal and the emergency motion for a temporary restraining order to the United States Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 1631.

Accordingly, the complaint is DISMISSED, and the emergency motion for a stay of removal (ECF No. 6) and the emergency motion for a temporary restraining order (ECF No. 7) shall be TRANSFERRED to the United States Court of Appeals for the First Circuit. This action is DISMISSED and clerk shall terminate all pending motions.

**SO ORDERED.**

November 1, 2017 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE